NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0979n.06

No. 13-3612

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 14, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HUSSEIN BAZZI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON PETITION FOR REVIEW FROM |
| ERIC H. HOLDER, JR., Attorney General, | ) | THE BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

Before: SILER, COLE, and COOK, Circuit Judges.

PER CURIAM. Hussein Bazzi, a citizen of Lebanon, seeks review of a Board of Immigration Appeals ("BIA") decision denying his untimely motion to reopen removal proceedings. Because untimeliness forecloses relief in the absence of a BIA discretionary decision to reopen, we dismiss Bazzi's petition.

Hussein Bazzi lawfully entered the United States in November 1987 as a conditional resident by virtue of his marriage to a United States citizen. He lived in the United States with his wife for approximately one month before the couple separated, ultimately terminating the marriage in November 1988. Because their marriage ended during the two-year conditional period, the Immigration and Naturalization Service ("INS") revoked Bazzi's resident status. In February 1991, an immigration judge denied Bazzi's petition to eliminate the conditions on his resident status and

his application for asylum, ordering removal to Lebanon if he did not voluntarily depart the United States within two months. Bazzi appealed to the BIA. After an eight-year continuance, the BIA dismissed the appeal in 1999, giving him thirty days to voluntarily leave the United States and ordering removal should he fail to do so. Bazzi declined to seek judicial review of the BIA's decision or leave the United States.

During the pendency of his BIA appeal, Bazzi married another U.S. citizen in 1992, and the INS approved his current wife's petition to make Bazzi the beneficiary of a relative visa. The agency revoked its approval, however, after discovering that he entered his first marriage to evade immigration laws. The INS denied two motions to reconsider the revocation. After immigration officers apprehended Bazzi in early 2011, Bazzi's wife again petitioned for a relative visa, and the U.S. Citizenship and Immigration Services ("USCIS")—the INS's successor—approved the petition.

Nearly fourteen years after the BIA dismissed his appeal and ordered his removal, Bazzi moved the BIA to reopen his removal proceedings to allow him to use the approved visa petition to apply for lawful permanent resident status. A petitioner typically must file a motion to reopen within ninety days of a final administrative order of removal, 8 U.S.C. § 1229a(c)(7)(C)(i), and thus the BIA denied Bazzi's motion as untimely. The BIA also declined sua sponte reopening, finding insufficient evidence of exceptional circumstances.

Bazzi now petitions for review, arguing that the BIA: (1) should allow him to apply for lawful permanent resident status; and (2) should sua sponte reopen his removal proceeding. Bazzi

does not, however, challenge the BIA's untimeliness determination, and because it stands, we may not reach the merits of his arguments. Bazzi filed his motion to reopen well after the ninety-day filing period, and he fails to assert that an exception allows untimely filing. *See* 8 C.F.R. § 1003.2(c)(3) (excusing ninety-day filing deadline in certain circumstances).

As for Bazzi's argument that the BIA should sua sponte reopen his case, we lack jurisdiction to review this discretionary decision. *Gor v. Holder*, 607 F.3d 180, 187–88 (6th Cir. 2010). The BIA, in denying reopening, explained that Bazzi "accrued the equities he now cites . . . while he remained in this country in violation of [its 1999] order," and noted that he failed to produce evidence that he informed the USCIS that the INS earlier revoked its approval of his visa petition because of marriage fraud. Though we may review constitutional claims or questions of law, 8 U.S.C. § 1252(a)(2)(D), Bazzi does not press these arguments. Instead, Bazzi asks that this court reweigh the equities of his case similar to the analysis in *In re Pena-Diaz*, 20 I. & N. Dec. 841 (BIA 1994). We lack that authority. *See Gor*, 607 F.3d at 187–88. We thus DISMISS Bazzi's untimely petition.